Robert B. Buehler (RB 1458)
Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 832-8300 Telephone
(212) 763-7600 Fax

(additional counsel listed on signature page)

*Attorneys for Plaintiff Philip Morris USA Inc.*



07 CIV 8134

JUDGE KOELTL

SEP 17 2007

U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>                       Plaintiff,<br><br>     v.<br><br>IVAN HOWARD, GEORGE ANDREWS, JAMES PARKER, KYLE WILLIAMS, ZEEV VICMAN and SMARTRADE LTD.,<br><br>                     Defendants. | Case No.:<br><br>**ECF CASE**<br><br>**COMPLAINT** |

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), for its complaint herein against Ivan Howard, George Andrews, James Parker, Kyle Williams, Zeev Vicman and Smartrade Ltd. (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for: (i) infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), through the sale of Philip Morris cigarettes via the Internet that were manufactured for sale abroad and not intended to be sold in the United States ("illegally imported cigarettes," also known as gray market cigarettes); (ii) infringement

of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), by

importation of cigarettes bearing Philip Morris USA's trademarks in violation of the Imported

Cigarette Compliance Act ("ICCA"), 19 U.S.C. §§ 1681 *et seq.*; (iii) infringement of a registered

trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), through the

unauthorized use of Philip Morris USA's trademarks on Defendants' websites; (iv) importation

of goods bearing an infringing trademark in violation of Section 42 of the Lanham Act, 15

U.S.C. § 1124; (v) false designation of origin and trade dress infringement in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (vi) false advertising in violation of Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a); (vii) trademark dilution in violation of the Federal

Trademark Dilution Act, 15 U.S.C. §§ 1125(c) and 1127; (viii) trademark infringement in

violation of the common law of New York; (ix) deceptive acts and practices in violation of New

York General Business Law § 349; (x) false advertising in violation of New York General

Business Law §§ 350 *et seq.*; (xi) trademark dilution in violation of New York General Business

Law §§ 360-l *et seq.*; and (xii) unfair competition in violation of the common law of New York.

Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce

widespread consumer confusion and deception as well as irreparable injury to Philip Morris

USA.

  2. Philip Morris USA is the U.S. owner of the federally-registered MARLBORO®

and MARLBORO Roof Design® trademarks, and a family of other trade dress marks consisting

of and/or incorporating these trademarks. Philip Morris USA is also the owner of the

MARLBORO® Man trademark, consisting of the iconic image of a rugged-looking cowboy that

evokes a western theme. For years, Philip Morris USA has used these trademarks in connection

with the marketing and sale of its well-known MARLBORO® brand of premium cigarettes.

2

3.    Over the past decade, the federal government and most state governments have raised taxes on cigarettes dramatically. Defendants have established and continue to operate websites that unlawfully sell cigarettes to consumers in the United States without charging applicable taxes or reporting sales to the appropriate state authorities. In addition, Defendants fail to adequately or appropriately verify the ages of purchasers of cigarettes or other tobacco products prior to purchase and delivery of the purchased product.

4.    Through their sale of cigarettes over the Internet, Defendants are engaged in a scheme to unlawfully trade on Philip Morris USA's trademarks. In a blatant attempt to profit from Philip Morris USA's substantial investment in its trademarks and to mislead consumers into believing that there is a connection between Defendants and Philip Morris USA, Defendants have established websites at "www.paylessmoke.com," "www.city-smokes.com," "www.cig2u.com," "www.123smoke.com," "www.ineedsmoke.com" and "www.cheap-smokes.biz," as well as websites at "www.cigarettes-taxfree.com," "www.buy-cigs-online.com" and "www.yessmoking.com," which direct or redirect to the paylessmoke.com website, and a website at "www.duty-free-cig.com," which directs to the cig2u.com website (collectively, the "Infringing Websites"). On their Infringing Websites, Defendants display Philip Morris USA's trademarks and offer for sale numerous brands of cigarettes, including several that appear to be Philip Morris products. True and correct copies of printouts from the "www.paylessmoke.com," "www.city-smokes.com," "www.cig2u.com," "www.123smoke.com," "www.ineedsmoke.com" and "www.cheap-smokes.biz" websites are attached hereto as Exhibits A-F, respectively. In addition, true and correct copies of the homepages of the "www.cigarettes-taxfree.com," "www.buy-cigs-online.com," "www.yessmoking.com" and "www.duty-free-cig.com" websites, which direct or redirect to the paylessmoke.com website or the cig2u.com website, are attached

3

hereto as Exhibit G. On their Infringing Websites, Defendants offer for sale and sell illegally imported Philip Morris cigarettes that were manufactured and intended for sale outside of the United States. These illegally imported cigarettes, their packaging, or both, differ materially from the cigarettes sold domestically by Philip Morris USA under the same brand names. Philip Morris USA has not consented to the importation of these cigarettes for sale in the United States. Pursuant to the ICCA, it is illegal to import cigarettes bearing a U.S. trademark into the United States if the owner of the U.S. trademark registration has not consented to such importation.

5.      Defendants' actions infringe Philip Morris USA's trademarks and dilute and diminish the distinctive nature and value of those trademarks. Defendants' conduct violates the Lanham Act and New York statutory and common law prohibiting trademark infringement and unfair competition. This action seeks permanent injunctive relief, damages and attorneys' fees and costs for Defendants' willful infringement of Philip Morris USA's intellectual property rights.

## THE PARTIES

6.      Plaintiff Philip Morris USA is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230.

7.      According to the WhoIs database maintained by Joker.com, a website domain name registrar that provides publicly available information about domain name registration records, Defendant Ivan Howard is the current registrant for the cheap-smokes.biz domain name, located at an undisclosed address in New York, New York 11105. In addition, according to the WhoIs database maintained by Joker.com, Defendant Ivan Howard is the current administrative contact for the city-smokes.com domain name, located at 703 Jewell Avenue, Schenectady, New

4

York 12606. The city-smokes.com domain name registration lists an un-named registrant, also located at the 703 Jewell Avenue address. Defendant Ivan Howard is also the prior registrant of the paylessmoke.com, city-smokes.com and 123smoke.com domain names and, for each such registration, purported to be located at 703 Jewell Avenue, New York (or Schenectady), New York 12606. In addition, the e-mail address associated with Ivan Howard, ivan.howard@gmail.com, is included in the contact information for the administrative and technical contact of the ineedsmoke.com domain name. On information and belief, Defendant Ivan Howard provided false address information for all of these domain name registrations and the 703 Jewell Avenue address is invalid, false, or both. Defendant Ivan Howard has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

8.      According to the WhoIs database maintained by The Big Whois, Defendant George Andrews is the current registrant of the paylessmoke.com domain name and is located at the same address as Defendant Ivan Howard at 703 Jewell Avenue, New York, New York 12606. On information and belief, Defendant George Andrews provided false address information to the domain name registrar and this address is invalid, false, or both. Defendant George Andrews has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

9.      According to the WhoIs database maintained by The Big Whois, Defendant James Parker is the current registrant, administrative and technical contact for the cig2u.com domain name and is located at "NY, NY, Kansas 07071." Defendant James Parker is also a prior registrant of the paylessmoke.com domain name and purported to be located at the same "NY,

NY Kansas 07071" address. Defendant James Parker provided false or incomplete address information to these domain name registrars and this address is invalid, false, or both. Defendant James Parker has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

10.    According to the WhoIs database maintained by The Big Whois, Defendant Kyle Williams is the current registrant, administrative and technical contact for the ineedsmoke.com domain name and is located at 532 West 22nd Street, New York, New York 12606. On information and belief, Defendant Kyle Williams provided false or incomplete address information to the domain name registrar and this address is invalid, false, or both. Defendant Kyle Williams has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

11.    Defendant Zeev Vicman (also known as Zeevos Viconos) is the prior registrant of the city-smokes.com domain name, located at Polydefkous 11, Office 38D, P.O. Box 56533, Lisassol, NO CY CY3308. On information and belief, Defendant Zeev Vicman provided false or incomplete address information to the domain name registrar and this address is invalid, false, or both. Defendant Zeev Vicman has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

12.    Defendant Smartrade Ltd. is also the prior registrant of the city-smokes.com domain name, located at the same address as Defendant Zeev Vicman at Polydefkous 11, Office 38D, P.O. Box 56533, Lisassol, NO CY CY3308. On information and belief, Defendant

Smartrade Ltd. provided false or incomplete address information to the domain name registrar and this address is invalid, false, or both. Defendant Smartrade Ltd. has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. §§ 1331, 1338(a) and (b) and 15 U.S.C. § 1121, as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; (ii) 28 U.S.C. § 1332(a)(1), as an action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) 28 U.S.C. § 1367(a), pursuant to principles of supplemental jurisdiction.

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district, and the effects of Defendants' wrongful actions have been felt by Philip Morris USA in this judicial district.

## FACTS GIVING RISE TO THIS ACTION

### A.    Philip Morris USA and Its Trademarks

15.    Philip Morris USA manufactures cigarettes, including those bearing the famous MARLBORO® trademarks and trade dress, for sale in the United States.

16.    MARLBORO® brand cigarettes have been made and sold by Philip Morris USA (and various predecessor entities) since 1883.

17.    For more than 50 years, Philip Morris USA has used the MARLBORO® trademark and the MARLBORO Roof Design® trademark (the "Roof Design"), a pentagonal figure with a horizontal top and two vertical sides with upward and inward sloping diagonals and related trade dress incorporating these trademarks, in connection with its tobacco and smoking-

related products. In its red form, the Roof Design identifies full-flavor MARLBORO®
cigarettes in both hard and soft packs. MARLBORO® MEDIUM cigarettes, introduced in 1991,
use a smaller Roof Design. Other varieties of MARLBORO® cigarettes, including
MARLBORO LIGHTS® and MARLBORO ULTRA LIGHTS®, bear similar gold and silver
Roof Designs. MARLBORO® brand cigarettes are the most popular brand of cigarettes in the
United States.

18.    Philip Morris USA is the U.S. owner of a number of famous trademarks that
incorporate the MARLBORO® trademarks (collectively the "Philip Morris USA Trademarks"),
under which Philip Morris USA sells cigarettes. The Philip Morris USA Trademarks include,
without limitation, MARLBORO®, MARLBORO LIGHTS®, MARLBORO ULTRA
LIGHTS®, MARLBORO® MEDIUM, MARLBORO® MENTHOL, MARLBORO LIGHTS®
MENTHOL, the Roof Design, and related trade dress incorporating these trademarks. Philip
Morris USA has invested substantial time, effort and money in advertising and promoting the
Philip Morris USA Trademarks throughout the United States. The vast majority of
MARLBORO® advertising and promotional activities display a MARLBORO® word
trademark, and/or the Roof Design. As a result, the Philip Morris USA Trademarks are among
the most widely recognized trademarks in the United States, and Philip Morris USA has
developed significant goodwill in these trademarks.

19.    Philip Morris USA is the registered owner of the following Philip Morris USA
Trademarks, among others, on the Principal Register of the United States Patent and Trademark
Office ("USPTO"), all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. §
1065:

8

| Trademark | Registration No. | Date |
|---|---|---|
| MARLBORO  (Stylized) | 68502 | Apr. 14, 1908 |
| MARLBORO FILTER CIGARETTES  (and Design) | 938510 | Jul. 25, 1972 |
| MARLBORO LIGHTS | 1039412 | May 11, 1976 |
| MARLBORO LIGHTS MENTHOL PM INC  (and Design) | 1544782 | Jun. 20, 1989 |
| MARLBORO ULTRA LIGHTS  (and Design) | 1651628 | Jul. 23, 1991 |

True and correct copies of registration certificates are attached hereto as Exhibit H.  Philip

Morris USA is also the owner of substantial common law rights in the MARLBORO®, Roof

Design and MARLBORO® Man trademarks and related trade dress.

### B.    Philip Morris USA's Efforts To Protect Its Famous Trademarks

20.    Philip Morris USA zealously protects the value of the Philip Morris USA

Trademarks.  Philip Morris USA has filed declarations with the United States Customs Service

("Customs") informing Customs that it does not consent to the importation of any cigarettes

bearing the MARLBORO® trademark and certain other trademarks.  These declarations are

effective under the ICCA, 19 U.S.C. § 1681 *et seq*.

21.    The cigarettes that Philip Morris USA manufactures for sale domestically are

materially different from those intended for sale outside the United States.  Among other things,

illegally imported Philip Morris cigarettes are subject to seizure, unlike Philip Morris cigarettes

that are made, and intended to be sold, in the United States.

22.    Philip Morris USA's domestic products are also subjected to quality control

measures appropriate for the domestic distribution of those products.  These measures relate to,

among other things, the shipping and storage of Philip Morris USA's products and the

replacement of damaged and stale products.  Philip Morris USA has implemented these quality

control measures to ensure that adult consumers continue to receive the high-quality products

they have associated with Philip Morris USA and the Philip Morris USA Trademarks for decades. Products that are manufactured and intended for sale outside of the United States, and illegally imported into the United States, are not subjected to quality control measures appropriate for importation into the domestic market and, as a result, may often be stale or otherwise inferior when the products reach U.S. consumers.

23.    Consumers in the United States who purchase Philip Morris cigarettes intended for sale outside the United States are likely to be disappointed or confused by the differences between the illegally imported cigarettes and the products they have come to expect from Philip Morris USA.

C.    **Defendants' Willful Infringement Of Philip Morris USA's Intellectual Property Rights**

1.    **Sale of Illegally Imported Philip Morris Cigarettes**

24.    Defendants offer for sale to consumers MARLBORO®, MARLBORO LIGHTS® and MARLBORO LIGHTS® MENTHOL cigarettes on the Infringing Websites that are manufactured for sale outside of the United States and are not intended for sale in the United States. Philip Morris USA has confirmed Defendants' sale of illegally imported Philip Morris cigarettes through purchases of cigarettes made from the Infringing Websites into this district. In addition, in response to purchases made on behalf of Philip Morris USA from the Infringing Websites, Defendants have sent e-mail communications to buyers located in this judicial district regarding order confirmations and payment processing. Defendants also sent other e-mail communications into this judicial district, including, for example, notice that paylessmoke.com had stopped accepting Visa for payment processing, as well as advertisements displaying cigarette pack images bearing the Philip Morris USA Trademarks. True and correct copies of an

advertisement from the 123smoke.com website and e-mail correspondence from paylessmoke.com are attached hereto as Exhibit I.

25.    Defendants state that the MARLBORO® cigarettes offered for sale and sold via the Infringing Websites are "Made in Switzerland," "Made in Europe" or are "Philippines King Size." On their city-smokes.com website, Defendants list the following products as their top two bestsellers: "01. Marlboro Lights Philippines King Size White Filter Hard Pack, 02. Marlboro Red Philippines King Size Hard Pack." Furthermore, on the FAQ pages of the Infringing Websites, Defendants state that the cigarettes "are first choice cigarettes, that are manufactured under the strictest regulations, by all of the original manufacturers, within the EU or USA," and on the ineedsmoke.com website, Defendants add that the cigarettes are also manufactured in the Philippines.

26.    Defendants advertise their willingness to sell cigarettes manufactured for sale outside the United States to persons located in the United States, including New York. On the Account Information pages of each of the Infringing Websites, Defendants list the "United States" as the only country selection option in a drop-down box for entry of the customer's billing information. In addition, on the "Shipping & Returns" pages of the Infringing Websites, Defendants state, "[a]ll of the cigarettes shipped from [website name] are sent through international airmail, and comply with international mail regulations in regard to the sale and shipping of duty-free products to the United States of America." In addition, in response to the question on the FAQ pages of the Infringing Websites, "[c]an I buy cigarettes by international mail?" Defendants state that "any product [can be] purchased from an international company, as long as it complies with US Customs and Border Protection, and is imported for personal use only."

11

27.    The illegally imported cigarettes offered for sale and sold by Defendants via the Infringing Websites are materially different from the Philip Morris cigarettes that are manufactured for sale in the United States under the same trademarks and brand names. Consumers who receive the illegally imported cigarettes are likely to be confused by the differences in the products and packaging.  By facilitating the unlawful importation of and/or importing these cigarettes into the United States without Philip Morris USA's consent, Defendants are infringing the Philip Morris USA Trademarks and violating the ICCA.

### 2.    Unauthorized Use of Philip Morris USA's Trademarks

28.    In addition to offering for sale via the Infringing Websites illegally imported cigarettes bearing the Philip Morris USA Trademarks, Defendants display pack images bearing the MARLBORO® Trademark and Roof Design on the Infringing Websites.  In addition, every page of the cig2u.com website displays an image of a cowboy, which is confusingly similar to the MARLBORO® Man image, next to the phrase "Buy 5 Marlboro and get 1 Free + Free Shipping" and in front of an image of mountains, which are confusingly similar to the mountains depicted in advertisements for MARLBORO® cigarettes.  Defendants have also used the Philip Morris USA Trademarks on advertisements sent to customers, including customers in this judicial district.

29.    On information and belief, due to Defendants' unlawful use of the Philip Morris USA Trademarks, Defendants obtain significant and continuous revenue from Internet sales of cigarettes bearing the Philip Morris USA Trademarks to U.S. consumers in this judicial district. As described above, on their city-smokes.com website, Defendants list "Marlboro Lights" and "Marlboro Red" cigarettes, manufactured for sale outside of the United States, as their top two bestselling cigarette brands.  In addition, as of September 14, 2007, Defendants stated on the

city-smokes.com website that they had received "2,830,853 requests since Tuesday 26 October, 2004." This is in comparison to Defendants' statement on July 9, 2007, that they had received "2,731,059 requests since Tuesday 26 October, 2004" and demonstrates that, during this roughly two month period, the number of requests received increased by 99,794. True and correct copies of the homepage of the city-smokes.com website from July 9, 2007 and September 14, 2007, showing the number of requests received, are attached hereto as Exhibit J.

30. Defendants' unauthorized use of Philip Morris USA's Trademarks is likely to cause confusion among consumers regarding Defendants' association or affiliation with Philip Morris USA, or Philip Morris USA's endorsement or sponsorship of Defendants' websites and activities.

### 3.    False Association With Philip Morris USA

31. Defendants falsely imply a relationship with or affiliation to cigarette manufacturers, including Philip Morris USA. On the "About Us" pages of the Infringing Websites, Defendants falsely claim that "[a]ll the products on our website are **bought directly from the manufacturers**, and are, therefore, of the highest quality, taste and freshness available online today . . . . Therefore, you can **purchase genuine trademark brands** at extremely low prices, and still be guaranteed to receive top quality goods." (Emphasis added). Defendants also state on the FAQ pages of the Infringing Websites that "[a]ll cigarettes sold at [website name] are first choice cigarettes, that are manufactured under the strictest regulations, by all of the original manufacturers, within the EU or USA." In addition, Defendants state that their cigarette prices are "so competitive" because "[w]e purchase cigarettes in bulk, enabling us to negotiate lower prices with our suppliers, these savings we make are directly passed on to you, with our great prices we offer on all of our cigarettes." On information and belief, these

misrepresentations confuse consumers into thinking that Philip Morris USA approves, sponsors or endorses Defendants' misleading and illegal activities. Moreover, the Infringing Websites falsely associate Philip Morris USA with Defendants' wrongful conduct, harming Philip Morris USA's reputation, brand image and the value of its trademarks.

### 4.    False and Misleading Statements

32.    Defendants make misrepresentations on the Infringing Websites about the nature and legality of the cigarettes sold via those websites. Among other things, Defendants falsely state on the Infringing Websites that cigarettes purchased by U.S. consumers are exempt from taxation. On the "About Us" pages of the Infringing Websites, for example, Defendants state, "[a]s all our products are tax free, and we purchase them in extremely large amounts, we are able to pass all money savings on to our customers." In addition, on the "Shipping & Returns" pages of the Infringing Websites, Defendants state, "[e]ach carton ordered on [website name] is sent in its own package, this ensures that the restrictions that apply to weight and value for duty free products is not surpassed. This ensures that you will not be required to pay Duty Tax on your cigarettes." Defendants also state on the FAQ pages of the Infringing Websites that cigarettes can be sold without import stamps as long as they are "sold from a BONDED WAREHOUSE." (Emphasis in original). On the "Legal Info" pages of the paylessmoke.com, city-smokes.com, 123smoke.com, ineedsmoke.com and cheap-smokes.biz websites, Defendants also state that they are exempt from the Jenkins Act reporting requirements because "[a]s we are based outside of the US, we do not fall under the US Code, or any laws that are applicable through it, and therefore will never report you for any reason to any government or its agencies."

33.    These statements are false. U.S. residents purchasing cigarettes from international sources for delivery in the United States are subject to payment of federal duties

14

and taxes, as well as state sales and excise taxes. In addition, pursuant to the Jenkins Act, 15 U.S.C. §§ 375 *et seq.*, anyone who sells or transfers cigarettes in any amount into a state that taxes cigarettes, other than to a state-licensed distributor, is required to report the sale to the state tax administrator. Moreover, under the ICCA, it is unlawful to import Philip Morris cigarettes into the United States.

### 5.    Affiliate Program

34.    On the paylessmoke.com, city-smokes.com, cig2u.com and 123smoke.com websites, Defendants advertise an affiliate program, offering other website operators the opportunity to display "a range of banners and textual links" on the operators' websites, which advertise the Infringing Websites. Defendants state that "(w)hen a user clicks on one of your links to [website name], their activity will be tracked by our affiliate software" and that affiliates earn commissions based on the number of users who are referred to and purchase cigarettes from the Infringing Websites. On information and belief, as a result of the affiliate program, Defendants have increased the number of consumers who visit and purchase illegally imported Philip Morris cigarettes from their Infringing Websites.

### 6.    Philip Morris USA's Cease and Desist Letters

35.    Upon learning of Defendants' activities, Philip Morris USA promptly sent cease and desist letters to Defendants regarding their unlawful conduct. In these letters, Philip Morris USA demanded, among other things, that Defendants immediately cease offering for sale and selling in the United States illegally imported Philip Morris cigarettes and cease using and displaying Philip Morris USA's trademarks on the Infringing Websites. Specifically, Philip Morris USA sent letters to Defendants on the following dates: (i) September 2, 2005, to Zeev Vicman and Smartrade Ltd., previously listed as the registrants of the city-smokes.com domain

15

name; (ii) March 1, 2006, to James Parker, previously listed as the registrant of the paylessmoke.com domain name; (iii) March 13, 2006, to Ivan Howard, listed as the new registrant of the paylessmoke.com domain name; and (iv) May 16, 2006, to Ivan Howard, listed as the domain name registrant for the 123smoke.com domain name. True and correct copies of Philip Morris USA's cease and desist letters are attached as Exhibit K. Defendants failed to accede to Philip Morris USA's demands or to modify the Infringing Websites.

### FIRST CLAIM FOR RELIEF

#### (For Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1))

36.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 35 hereof.

37.    The USPTO has granted federal trademark registrations for the trademarks consisting of or incorporating the Philip Morris USA Trademarks. In addition, Philip Morris USA is the owner of substantial common law rights in the MARLBORO®, Roof Design and MARLBORO® Man trademarks and related trade dress.

38.    Defendants are liable for direct and/or contributory infringement of the Philip Morris USA Trademarks.

39.    Defendants' use of these infringing trademarks in connection with the sale or offering for sale and distribution of goods and services in interstate commerce, without the consent of Philip Morris USA, in connection with the advertisement, promotion, sale and distribution of products and/or services identical or near-identical to those offered by Philip Morris USA, is likely to cause confusion or mistake, or to deceive consumers and therefore infringes Philip Morris USA's rights in the Philip Morris USA Trademarks, in violation of 15 U.S.C. § 1114(1).

40.    Defendants have sold and imported Philip Morris cigarettes that bear the registered Philip Morris USA Trademarks, which are not intended for sale in the United States. The cigarettes sold by Defendants to consumers in the United States differ in material respects from the cigarettes sold by Philip Morris USA in the United States under the same trademarks and brand names.

41.    Defendants' actions are likely to confuse the public, and are likely to cause and do cause the public to believe that the cigarettes bearing the Philip Morris USA Trademarks that are sold by Defendants are the same as the cigarettes sold by Philip Morris USA in the United States under the same trademarks and brand names.

42.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF

### (For Infringement of Registered Trademarks, 15 U.S.C. § 1114(1) By Violation of the Imported Cigarette Compliance Act of 2000, 19 U.S.C. §§ 1681 *et seq.*)

43.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 35 hereof.

44.    The ICCA, 19 U.S.C. §§ 1681 *et seq.*, prohibits the importation of cigarettes into the United States that bear a U.S. registered trademark unless the owner of the trademark has expressly consented to such importation. Cigarettes imported in contravention of the ICCA may be seized and destroyed by Customs.

45.    Consistent with the ICCA, Philip Morris USA has filed declarations with Customs informing Customs that Philip Morris USA does not consent to the importation of any

cigarettes bearing the MARLBORO® trademark or certain other trademarks owned by Philip Morris USA.

46.    Defendants have, without the consent of Philip Morris USA, imported, or caused or facilitated the importation of, cigarettes bearing the Philip Morris USA Trademarks in contravention of the ICCA. Defendants' products are being sold to U.S. consumers in violation of the ICCA and are thus subject to seizure.

47.    The cigarettes sold to consumers in the United States by Defendants are materially different from the cigarettes sold by Philip Morris USA in the United States under the same brand names.

48.    Defendants' actions are likely to confuse the public, and are likely to cause and do cause the public to believe that the cigarettes bearing the Philip Morris USA Trademarks that are sold by Defendants are the same as the cigarettes sold by Philip Morris USA in the United States bearing the same trademarks and brand names.

49.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### THIRD CLAIM FOR RELIEF

#### (For Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1))

50.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 35 hereof.

51.    The USPTO has granted federal trademark registrations for the trademarks consisting of or incorporating the Philip Morris USA Trademarks previously identified in this

complaint. In addition, Philip Morris USA is the owner of substantial common law rights in the MARLBORO®, Roof Design and MARLBORO® Man trademarks and related trade dress.

52.    Defendants are liable for direct and/or contributory infringement of the Philip Morris USA Trademarks. With knowledge of the Philip Morris USA Trademarks, Defendants have displayed Philip Morris USA cigarette pack images and an image of the MARLBORO® Man on the Infringing Websites and on advertisements in connection with the sale or offering for sale and distribution of goods and services in interstate commerce.

53.    Defendants' unauthorized use of the Philip Morris USA Trademarks constitutes use in commerce, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy or colorable imitation of the Trademarks in connection with the advertisement, promotion, sale and distribution of products and/or services identical or near-identical to those offered by Philip Morris USA, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringes Philip Morris USA's rights in the Philip Morris USA Trademarks, in violation of 15 U.S.C. § 1114(1). Philip Morris USA has been damaged by this infringement.

54.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FOURTH CLAIM FOR RELIEF

### (For Importation of Goods Bearing an Infringing Trademark in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)

55.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 35 hereof.

56.    On information and belief, Defendants have, without the consent of Philip Morris USA, imported, or caused or facilitated the importation of, Philip Morris cigarettes manufactured

for sale outside of the United States and not intended for sale in the United States, including

cigarettes bearing the registered trademarks MARLBORO®, MARLBORO LIGHTS® and

MARLBORO LIGHTS® MENTHOL, which differ in material respects from the cigarettes sold

by Philip Morris USA in the United States under the same brand names.

57.    Defendants' actions are likely to confuse the public and are likely to cause and do

cause the public to believe that the illegally imported Philip Morris cigarettes sold by Defendants

are the same as the cigarettes sold by Philip Morris USA in the United States bearing the same

trademarks and brand names.

58.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful

conduct. Philip Morris USA has been, and absent injunctive relief will continue to be,

irreparably harmed by Defendants' actions.

## FIFTH CLAIM FOR RELIEF

### (For False Designation of Origin and Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

59.    Philip Morris USA specifically realleges and incorporates herein by reference

each and every allegation contained in Paragraphs 1 through 35 hereof.

60.    Philip Morris USA owns a distinctive trade dress in the packaging of its

MARLBORO®, MARLBORO LIGHTS® and MARLBORO LIGHTS® MENTHOL cigarettes,

the principal features of which are the Roof Design combined with the MARLBORO®

Trademark. By displaying this trade dress on their websites without Philip Morris USA's

authorization, Defendants have infringed Philip Morris USA's valuable and distinctive trade

dress.

61.    Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive

as to the affiliation, connection or association of Defendants with Philip Morris USA, or as to the

sponsorship or approval of Defendants' goods, services, or commercial activities by Philip

Morris USA. Defendants' actions further misrepresent the nature, characteristics or qualities of

their goods, services or commercial activities. Philip Morris USA has been damaged by

Defendants' actions.

62.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful

conduct. Philip Morris USA has been, and absent injunctive relief will continue to be,

irreparably harmed by Defendants' actions.

### SIXTH CLAIM FOR RELIEF

**(For False Advertising in Violation of Section 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a))**

63.    Philip Morris USA specifically realleges and incorporates herein by reference

each and every allegation contained in paragraphs 1 through 35 hereof.

64.    Defendants have made false and/or misleading statements in commercial

advertising, which are likely to cause confusion, to cause mistake and to deceive the public as to

the nature, characteristics or qualities of Defendants' products and commercial activities, and

have substantially affected interstate commerce. On information and belief, Defendants' conduct

has actually deceived, and has a tendency to deceive, a material segment of the persons to whom

Defendants have directed their marketing activities. Defendants' false and/or misleading

statements are material in that they are likely to influence consumers to purchase Defendants'

products. On information and belief, Defendants made their false and/or misleading statements

with the intent to cause confusion, mistake and to deceive the public as to the nature, quality or

characteristics of Defendants' products and their commercial activities. Philip Morris USA has

been damaged as a result.

65.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SEVENTH CLAIM FOR RELIEF

### (For Trademark Dilution in Violation of the Federal Trademark Dilution Act, 15 U.S.C. §§ 1125(c) and 1127)

66.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 hereof.

67.    By virtue of Philip Morris USA's prominent, long and continuous use of the Philip Morris USA Trademarks in interstate commerce, these trademarks have become and continue to be "famous" within the meaning of 15 U.S.C. § 1125(c).

68.    Defendants are liable for dilution of Philip Morris USA's Trademarks. Defendants' use of the Philip Morris USA Trademarks dilutes and tarnishes the distinctive quality of those Trademarks and lessens their capacity to identify and distinguish Philip Morris USA's goods and services. Philip Morris USA has been damaged as a result.

69.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## EIGHTH CLAIM FOR RELIEF

### (For Common Law Trademark Infringement)

70.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 hereof.

71.    The Philip Morris USA Trademarks are valid under common law.

72.    Defendants are liable for infringement of the Philip Morris USA Trademarks. With knowledge of the Philip Morris USA Trademarks, Defendants have displayed Philip Morris USA cigarette pack images and an image of the MARLBORO® Man on their Infringing Websites in connection with the sale or offering for sale and distribution of goods and services in this state.

73.    Defendants' unauthorized use of the Philip Morris USA Trademarks and the MARLBORO® Man image constitutes use, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy or colorable imitation of the Philip Morris USA Trademarks in connection with the advertisement, promotion, sale and distribution of products and/or services identical or near-identical to those offered by Philip Morris USA, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Philip Morris USA's rights in the Philip Morris USA Trademarks, in violation of Philip Morris USA's common law trademark rights. This infringement has damaged Philip Morris USA.

74.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### NINTH CLAIM FOR RELIEF

### (For Deceptive Acts and Practices, New York Gen. Bus. Law § 349)

75.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 hereof.

76.    By the acts described above in paragraphs 24 through 34, including, without limitation, Defendants' false and/or misleading statements regarding the quality of their products, Defendants have willfully engaged in deceptive acts or practices in the conduct of

business and furnishing of goods in violation of Section 349 of the New York General Business Law. Defendants' conduct is consumer-oriented, has affected the public interest of the citizens of New York and has resulted in injury to consumers within New York.

77.    Defendants' deceptive acts or practices are materially misleading and, on information and belief, have actually deceived and have a tendency to deceive, a material segment of the persons to whom Defendants have directed their marketing activities, and Philip Morris USA has been injured thereby.

78.    Philip Morris USA seeks to enjoin the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## TENTH CLAIM FOR RELIEF

### (For False Advertising, New York Gen. Bus. Law §§ 350 *et seq.*)

79.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 hereof.

80.    By the acts described above in paragraphs 24 through 34, including, without limitation, Defendants' false and/or misleading statements regarding the quality of their products, Defendants have made false and/or misleading statements in commercial advertising, which are likely to cause confusion, to cause mistake and to deceive the public as to the nature, characteristics or qualities of Defendants' products and commercial activities, and have substantially affected interstate commerce. On information and belief, Defendants' conduct has actually deceived, and has a tendency to deceive, a material segment of the persons to whom Defendants have directed their marketing activities. Defendants' false and/or misleading statements are material in that they are likely to influence consumers to purchase Defendants'

24

products.  On further information and belief, Defendants made their false and/or misleading statements with the intent to cause consumer confusion, mistake and to deceive the public as to the nature, quality or characteristics of Defendants' products and their commercial activities, and Philip Morris USA has been injured thereby.

81.    On information and belief, Defendants' conduct is consumer-oriented, has affected the public interest of the citizens of New York and has resulted in injury to consumers within New York.

82.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### ELEVENTH CLAIM FOR RELIEF

### (For Trademark Dilution, New York Gen. Bus. Law §§ 360-l *et seq.*)

83.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 hereof.

84.    Philip Morris USA is the owner of the Philip Morris USA Trademarks.  By virtue of Philip Morris USA's prominent, long and continuous use of the Philip Morris USA Trademarks, they have become and continue to be distinctive.

85.    Defendants are liable for dilution of the Philip Morris USA Trademarks. Defendants' use of the Philip Morris USA Trademarks dilutes the distinctive quality of those Trademarks and lessens the capacity of such Trademarks to identify and distinguish Philip Morris USA's goods and services.  Defendants' unlawful and unauthorized use of the Philip Morris USA Trademarks is likely to cause blurring in the minds of consumers between Philip Morris USA and Defendants, thereby lessening the value of the Philip Morris USA Trademarks

as unique identifiers of Philip Morris USA products. Additionally, Defendants' use tarnishes the Philip Morris USA Trademarks, and is likely to result in injury to Philip Morris USA.

86.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## TWELFTH CLAIM FOR RELIEF

### (For Common Law Unfair Competition)

87.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 hereof.

88.    Defendants' conduct constitutes unfair competition under New York's common law. Defendants' acts have resulted in the "passing off" of Defendants' products as those of Philip Morris USA, or as somehow related to, associated with, or sponsored or endorsed by, Philip Morris USA.

89.    Defendants' wrongful acts have caused and will continue to cause Philip Morris USA substantial injury, including dilution of its goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its property. The harm these acts will cause to Philip Morris USA is both imminent and irreparable, and the amount of damages sustained by Philip Morris USA will be difficult to ascertain if these acts continue. Philip Morris USA has no adequate remedy at law.

90.    On information and belief, Defendants' conduct is oppressive, fraudulent and malicious, and Philip Morris USA is thereby entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Philip Morris USA Inc. prays as follows:

A.    For judgment that:

    i.   Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), through the sale of Philip Morris cigarettes via the Internet that were manufactured for sale abroad and not intended to be sold in the United States;

    ii.   Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by violation of the Imported Cigarette Compliance Act of 2000, 19 U.S.C. §§ 1681 *et seq.*;

    iii.   Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), through the unauthorized use of Philip Morris USA's trademarks on Defendants' websites;

    iv.   Defendants have violated Section 42 of the Lanham Act, 15 U.S.C. § 1124;

    v.   Defendants have engaged in false designation of origin and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    vi.   Defendants have engaged in false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    vii.   Defendants have engaged in trademark dilution in violation of Section 43(c) of the Federal Trademark Dilution Act, 15 U.S.C. §§ 1125(c) and 1127;

    viii.   Defendants have engaged in trademark infringement in violation of the common law of New York;

    ix.   Defendants have engaged in deceptive acts and practices in violation of New York General Business Law § 349;

    x.   Defendants have engaged in false advertising in violation of New York General Business Law §§ 350 *et seq.*;

    xi.   Defendants have engaged in trademark dilution in violation of New York General Business Law §§ 360-l *et seq.*; and

    xii.   Defendants have engaged in unfair competition in violation of the

common law of New York.

B.     For a permanent injunction restraining and enjoining Defendants and their

officers, directors, subsidiaries, agents, servants, employees, attorneys, licensees, affiliates,

successors and assigns and all persons in active concert or participation with them and/or who

aid and abet or facilitate Defendants' offer for sale, sale, and/or importation of Philip Morris

cigarettes to U.S. consumers who receive actual notice of the order by personal service or

otherwise, including but not limited to:  (a) entities that process and facilitate payments from

consumers in the United States, including banks, credit card companies, and data processing

companies; (b) shippers, carriers, delivery companies, and other package delivery services; (c)

packaging and distribution services and personnel; and (d) registrars of domain names and

internet services providers, from:

> i.     making any present or future use of Philip Morris USA's distinctive trade
> dress and of the Philip Morris USA Trademarks, including, without
> limitation, the MARLBORO®, MARLBORO LIGHTS®, MARLBORO
> LIGHTS® MENTHOL, Roof Design and MARLBORO® Man
> trademarks, any imitation thereof, any other trademark(s) or logo(s)
> substantially or confusingly similar thereto and any other trademarks
> owned by Philip Morris USA;
>
> ii.    using, displaying, and/or facilitating the use of any of the Philip Morris
> USA Trademarks, any word or logo that is confusingly similar to a Philip
> Morris USA Trademark, or any other trademark owned by Philip Morris
> USA on any Internet website or on any written or promotional materials;
>
> iii.   engaging in any other activity constituting an infringement or dilution of
> any of Philip Morris USA's rights in the Philip Morris USA Trademarks,
> in Philip Morris USA's distinctive trade dress or in any other trademark
> or trade dress owned by Philip Morris USA;
>
> iv.    advertising, selling, offering to sell, shipping, carrying, importing, or
> attempting to import to U.S. consumers Philip Morris cigarettes that are
> manufactured and intended for sale outside of the United States;
>
> v.     facilitating, assisting, participating in, and/or aiding and abetting
> Defendants' advertising, selling, offering to sell, shipping, carrying,

importing or attempting to import to U.S. consumers Philip Morris cigarettes that are manufactured and intended for sale outside of the United States;

vi.   making any false and/or misleading statements, including those alleged herein, that misrepresent the nature, quality or characteristics of Defendants' products or commercial activities; and

vii.  providing assistance or logistical support to entities engaged in the sale to U.S. consumers of Philip Morris products that are manufactured and intended for sale outside of the United States.

C.     For an order awarding Philip Morris USA:  (i) Defendants' profits derived from their unlawful conduct, attorneys' fees and costs to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, with profits awarded under 15 U.S.C. § 1117 trebled; (ii) damages, attorneys' fees, and costs to the full extent provided for by Sections 349, 350 *et seq.*, and 360-1 *et seq.* of New York's General Business Law; and (iii) actual and punitive damages under the common law.

D.     For such other and further relief as the Court deems appropriate.

Dated:   New York, New York
         September 17, 2007

                              Respectfully submitted,


                              HELLER EHRMAN LLP


                              By: _____
                                   Robert B. Buehler (RB 1458)
                                   Jennifer L. Larson (JL 8114)
                                   Times Square Tower
                                   7 Times Square
                                   New York, NY 10036
                                   (212) 832-8300 Telephone
                                   (212) 763-7600 Fax

29

Kenneth L. Chernof
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, D.C. 20036
(202) 912-2199 Telephone
(202) 912-2020 Fax

Warren J. Rheaume
HELLER EHRMAN LLP
701 Fifth Avenue
Suite 6100
Seattle, WA 98104
(206) 389-4226 Telephone
(206) 447-0849 Fax

Naomi B. Spector
HELLER EHRMAN LLP
4350 La Jolla Village Drive
7th Floor
San Diego, CA 92122
(858) 450-5744 Telephone
(858) 587-5944 Fax

*Attorneys for Plaintiff Philip Morris USA Inc.*