# HellerEhrman LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/08

January 2, 2008

Jennifer L. Larson
Jennifer.Larson@hellerehrman.com
Direct +1.212.847.8778
Main +1.212.832.8300
Fax +1.212.763.7600

*By Facsimile*

The Honorable Denny Chin
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street, Room 1020
New York, New York 10007-1312

    Re: *Philip Morris USA Inc. v. Ivan Howard, et al.*, 07 Civ. 8134 (DC)

Dear Judge Chin:

    My firm represents Plaintiff Philip Morris USA Inc. in the above-referenced action. We write to request a pre-motion conference with the Court pursuant to Rule 2(A) of The Court's Individual Practices concerning Philip Morris USA's intention to file a motion for leave to serve process on Defendants Ivan Howard, George Andrews, James Parker, Kyle Williams, Zeev Vicman and Smartrade Ltd. (collectively "Defendants") by electronic mail ("e-mail").

    On September 17, 2007, Philip Morris USA initiated this action against Defendants for selling illegally imported versions of Philip Morris cigarettes over the Internet into the United States (and into New York in particular) in violation of the Lanham Act and New York State law. As of this date, Philip Morris USA has been unable to serve the complaint on any of the Defendants through traditional means. Defendants have used the anonymity of the Internet to conceal their identities and locations, frustrate and prevent service by traditional means, and thereby avoid liability for their unlawful conduct. Defendants have either provided false or no physical addresses on their Internet websites and in their Internet domain name registrations, and Philip Morris USA's efforts to locate valid physical addresses for Defendants at which they could be served with process have been unsuccessful. However, Defendants continue to operate their businesses through their Internet websites and can be contacted through such electronic means – indeed, they each maintain e-mail addresses through which they invite and solicit two way communication with U.S. customers and otherwise transact business.

    In these circumstances, service of process by e-mail is permissible under Federal Rule of Civil Procedure 4(f)(3). As Internet-based commerce has become ubiquitous, courts have amassed considerable experience with the kind of "hide and seek" Internet defendants that Defendants exemplify. These courts have found that e-mail service on such defendants is consistent with constitutional norms of due process, and have authorized the use of such service under Federal Rule

Heller Ehrman LLP   Times Square Tower   7 Times Square   New York, NY 10036-6524   www.hellerehrman.com

Anchorage   Beijing   Hong Kong   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle
Silicon Valley   Singapore   Washington, D.C.

## HellerEhrman LLP

The Honorable Denny Chin
January 2, 2008
Page 2

of Civil Procedure 4(f)(3). In fact, courts in this district have authorized service by similar methods under nearly identical circumstances. *See, e.g., Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007) (Daniels, J.) (service of process by electronic mail and facsimile was proper where plaintiff attempted unsuccessfully to serve the complaint using traditional means and diligently tried to locate defendants, but could not).

Accordingly, because these facts fall squarely within established precedent for alternative service, Philip Morris USA respectfully requests that it be permitted to file a motion for leave to effect service of original process on Defendants by electronic mail.

Respectfully submitted,

Jennifer L. Larson

cc:   All Defendants (*by email*)

*[Handwritten note:]* No formal motion is necessary. The Court treats this letter as a motion for leave to serve by e-mail. The motion is granted, good cause having been shown. SO ORDERED.

USDJ 1/9/08