UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>                                  Plaintiff,<br><br>    v.<br><br>IVAN HOWARD, GEORGE ANDREWS, JAMES PARKER, KYLE WILLIAMS, ZEEV VICMAN and SMARTRADE LTD.,<br><br>                                Defendants. | 07 Civ. 8134 (DC)<br><br>**ELECTRONICALLY FILED**<br><br>**AFFIDAVIT OF BRITTAN J. STRANGWAYS IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND ORDER <u>GRANTING INJUNCTIVE RELIEF</u>** |

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF NEW YORK )

       BRITTAN J. STRANGWAYS, being duly sworn, deposes and says:

       1.     I am a member of the Bar of this Court and am associated with the law firm of Heller Ehrman LLP, attorneys for Plaintiff Philip Morris USA Inc. ("Philip Morris USA") in the above-captioned action. I am fully familiar with the facts and circumstances surrounding this action. I make this declaration in support of Philip Morris USA's motion for a default judgment and order granting permanent injunctive relief pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2.

       2.     On behalf of Philip Morris USA, I respectfully request that a default judgment and permanent injunction be entered against the following Defendants: Ivan Howard ("Howard"), George Andrews ("Andrews"), James Parker ("Parker"), Kyle Williams ("Williams"), Zeev Vicman ("Vicman") and Smartrade Ltd. ("Smartrade") (collectively, the

"Defaulting Defendants"). Upon information and belief, the Defaulting Defendants are not infants, in the military, nor are they incompetent persons.

3. Default judgment in this case is appropriate. Pursuant to a January 9, 2008 Order from this Court, Philip Morris USA served each Defaulting Defendant via e-mail on January 11, 2008. Despite the effective service, the Defaulting Defendants still have not answered or otherwise plead to the Complaint. Counsel for Philip Morris USA was contacted by counsel representing the Defaulting Defendants, indicating that the Defaulting Defendants received actual notice, but no answer or appearance was filed on behalf of the Defaulting Defendants.

4. The Defaulting Defendants are the only defendants in this case.

5. Philip Morris USA is seeking a permanent injunction that prohibits the Defaulting Defendants, and those acting in concert with them, from any and all infringing uses of Philip Morris USA's trademarks and from illegally importing products bearing Philip Morris USA's trademarks into the United States.

**Procedural History**

6. On September 17, 2007, Philip Morris USA filed a Summons and Complaint against the Defaulting Defendants. A true and correct copy of the Summons and Complaint is attached as Exhibit A. The Complaint alleges, among other things, that the Defaulting Defendants individually or acting together, established the following websites, www.paylessmoke.com, www.city-smokes.com, www.cig2u.com, www.123smoke.com, www.ineedsmoke.com and www.cheap-smokes.biz, as well as websites at www.cigarettes-taxfree.com, www.buy-cigs-online.com and www.yessmoking.com, which directs or previously directed to the paylessmoke.com website, and a website at www.duty-free-cig.com, which directs or previously directed to the cig2u.com website (collectively the "Infringing Websites").

Through the Infringing Websites the Defaulting Defendants have infringed and/or continue to infringe Philip Morris USA's famous trademarks by selling and illegally importing into the United States cigarettes bearing Philip Morris USA's trademarks which are intended solely for sale outside of the United States, and are neither intended nor permitted for domestic sale or importation into the United States.

7. Specifically, the Complaint asserts claims for: (i) infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), through the sale of Philip Morris cigarettes via the Internet that were manufactured for sale abroad and not intended to be sold in the United States ("illegally imported cigarettes"); (ii) infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), by importation of cigarettes bearing Philip Morris USA's trademarks in violation of the Imported Cigarette Compliance Act ("ICCA"), 19 U.S.C. §§ 1681 *et seq.*; (iii) infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), through the unauthorized use of Philip Morris USA's trademarks on the Defaulting Defendants' websites; (iv) importation of goods bearing an infringing trademark in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124; (v) false designation of origin and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (vi) false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (vii) trademark dilution in violation of the Federal Trademark Dilution Act, 15 U.S.C. §§ 1125(c) and 1127; (viii) trademark infringement in violation of the common law of New York; (ix) deceptive acts and practices in violation of New York General Business Law § 349; (x) false advertising in violation of New York General Business Law §§ 350 *et seq.*; (xi) trademark dilution in violation

of New York General Business Law §§ 360-1 *et seq.*; and (xii) unfair competition in violation of the common law of New York.

8. The illegally imported cigarettes offered for sale and sold by the Defaulting Defendants via the Infringing Websites are materially different from the Philip Morris cigarettes that are manufactured for sale in the United States under the same trademarks and brand names. Philip Morris USA has confirmed, through purchases made from the Infringing Websites, that the Defaulting Defendants have sold Philip Morris cigarettes manufactured for sale abroad that are not permitted to be imported and sold in the United States.

9. Philip Morris USA successfully served process upon the Defaulting Defendants on January 11, 2008 by e-mail, under the circumstances described below.

10. Before accomplishing service by e-mail, Philip Morris USA employed extensive measures to locate each defendant and serve them with the Summons and Complaint. Defendants used the anonymity of the Internet to conceal their identities and locations, frustrate and prevent service by traditional means, and thereby attempt to avoid liability for their unlawful conduct. Philip Morris USA's efforts were continually frustrated by the false, misleading and/or incomplete contact information that Defaulting Defendants supplied when registering the domain names used in connection with the Infringing Websites.

### Service of the Summons and Complaint and Issuance of the Certificate of Default

11. Given the extensive and good faith efforts employed by Philip Morris USA to locate and serve the Defaulting Defendants, which proved futile, Philip Morris USA moved this Court for leave to serve process by e-mail on January 2, 2008. On January 9, 2008, the Honorable Denny Chin issued an Order authorizing service of process by e-mail on the

Defaulting Defendants. A true and correct copy of that Order is attached as Exhibit B. Pursuant to that Order, on January 11, 2008, the Defaulting Defendants were served by e-mail at the following e-mail addresses:

- marketing@paylessmoke.com
- domreg@imhosted.com
- linkanatorno1@yahoo.com
- 123smoke@domainsbyproxy.com
- ivan.howard@gmail.com
- bm7@zahav.net.il
- woland-band@yahoo.com
- james@smartrade.info
- zeevos@smartrade.info

A true and correct copy of the Affidavit of Service of Naomi B. Spector, sworn to on January 24, 2008, is attached as Exhibit C.

12. As of May 8, 2008, the Defaulting Defendants had not answered the Complaint, nor had they otherwise appeared in this action. Accordingly, on May 8, 2008, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1, Philip Morris USA requested a Certificate of Default against the Defaulting Defendants. The Clerk of this Court issued the Certificate of Default on May 8, 2008. A true and correct copy of the Clerk's Certificate of Default is attached as Exhibit D.

13. As of the date of this filing, the Defaulting Defendants have not answered the Complaint or otherwise defended the action, and the time for the Defaulting Defendants to answer or otherwise plead has expired.

## Request for Entry of Judgment by Default

14. Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55.2, and based upon the circumstances described above, Philip Morris USA respectfully requests entry of a judgment by default against the Defaulting Defendants.

15. Philip Morris USA respectfully requests that this Court enter injunctive relief. A proposed form of the default judgment and permanent injunction is attached as Exhibit E.

16. I am serving a copy of this motion and its supporting papers upon the Defaulting Defendants by e-mail.

WHEREFORE, on behalf of Philip Morris USA, I respectfully request the entry of a default judgment and permanent injunction against the Defaulting Defendants Ivan Howard, George Andrews, James Parker, Kyle Williams, Zeev Vicman and Smartrade Ltd.

_____
Brittan J. Strangways

Sworn to before me this 4th day of August 2008

_____
Notary Public

PAUL W. ETTORI
NOTARY PUBLIC, State of New York
No. 02ET6186545
Qualified in New York County
Commission Expires May 5, 2012