# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP MORRIS USA INC.,

                      Plaintiff,

v.

IVAN HOWARD, GEORGE ANDREWS,
JAMES PARKER, KYLE WILLIAMS, ZEEV
VICMAN and SMARTRADE LTD.,

                      Defendants.

No. 07 Civ. 8134 (DC)

**[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Having properly asserted subject matter jurisdiction over this dispute and personal jurisdiction over Defendants Ivan Howard, George Andrews, James Parker, Kyle Williams, Zeev Vicman and Smartrade Ltd. ("Defendants"), who were duly served with the Summons and Complaint by electronic mail pursuant to the Court's January 9, 2008 Order granting leave to serve process by electronic mail, and Defendants having failed to answer the Complaint or otherwise plead or defend, and for good cause shown,

It is hereby ORDERED, ADJUDGED, AND DECREED that:

Judgment is entered in favor of Philip Morris USA Inc., a Virginia corporation, and against Defendants on the following claims:

    i.    The First Claim for Relief in the Complaint, for infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), through the sale of Philip Morris cigarettes via the Internet that were manufactured for sale abroad and not intended to be sold in the United States ("illegally imported Philip Morris cigarettes");

ii. The Second Claim for Relief in the Complaint, for infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), by importation of cigarettes bearing Philip Morris USA's trademarks in violation of the Imported Cigarette Compliance Act ("ICCA"), 19 U.S.C. §§ 1681 *et seq.*;

iii. The Third Claim for Relief in the Complaint, for infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), through the unauthorized use of Philip Morris USA's trademarks on Defendants' websites;

iv. The Fourth Claim for Relief in the Complaint, for importation of goods bearing an infringing trademark in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124;

v. The Fifth Claim for Relief in the Complaint, for false designation of origin and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

vi. The Six Claim for Relief in the Complaint, for false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

vii. The Seventh Claim for Relief in the Complaint, for trademark dilution in violation of the Federal Trademark Dilution Act, 15 U.S.C. §§ 1125(c) and 1127;

viii. The Eighth Claim for Relief in the Complaint, for trademark infringement in violation of the common law of New York;

    ix.    The Ninth Claim for Relief in the Complaint, for deceptive acts and practices in violation of New York General Business Law § 349;

    x.    The Tenth Claim for Relief in the Complaint, for false advertising in violation of New York General Business Law §§ 350 *et seq.*;

    xi.    The Eleventh Claim for Relief in the Complaint, for trademark dilution in violation of New York General Business Law §§ 360-l *et seq.*; and

    xii.    The Twelfth Claim for Relief in the Complaint, for unfair competition in violation of the common law of New York.

IT IS FURTHER ORDERED that:

Defendants, and any successors or assigns and their officers, directors, agents, servants, employees, attorneys, licensees, affiliates, and all persons in active concert or participation with them and/or who aid and abet or facilitate their offer for sale, sale, and/or importation of Philip Morris cigarettes to U.S. consumers, including but not limited to:

- entities that process and facilitate payments from consumers in the United States, including banks, credit card companies, and data processing companies;
- shippers, carriers, delivery companies, and other package delivery services;
- packaging and distribution services and personnel; and
- registrars of domain names and internet service providers

are hereby PERMANENTLY ENJOINED from:

    (i)    offering, advertising, selling, shipping, carrying and/or importing illegally imported Philip Morris cigarettes to consumers in the United States;

    (ii)    facilitating, assisting, participating in, and/or aiding and abetting Defendants' offer, advertisement, sale, shipment, carriage, and/or importation of illegally

3

        imported Philip Morris cigarettes to consumers in the United States;

(iii)    processing payment for the sale and/or purchase of illegally imported Philip Morris cigarettes by consumers in the United States;

(iv)    using, displaying, licensing, or facilitating the use of, in any manner, directly or indirectly, the MARLBORO® trademark, the MARLBORO LIGHTS® trademark, the MARLBORO ULTRA LIGHTS® trademark, the MARLBORO LIGHTS® MENTHOL trademark or the MARLBORO® Roof Design trademark (a pentagonal figure with a horizontal top and two vertical sides with upward and inwardly sloping diagonals) and other U.S. trademarks owned by Philip Morris USA Inc. (the "Philip Morris USA Trademarks"), or any imitation thereof, or any other trademark or logo which is confusingly similar to any Philip Morris USA Trademark or which is likely to confuse, mislead or deceive the public as to the source, origin or sponsorship of Philip Morris cigarettes;

(v)    using, displaying and/or facilitating the use of any image of a cowboy similar to and an imitation of the Marlboro Man, displaying images of the packaging for MARLBORO® cigarettes bearing the MARLBORO® Roof Design label trademark, or displaying any other Philip Morris USA Trademarks or any word or symbol that is confusingly similar to a Philip Morris USA Trademark, on any Internet website or on any other written or promotional materials;

(vi)    using, licensing and/or facilitating the use of "Marlboro" or any other Philip Morris USA Trademarks or imitations or derivatives thereof, or any word that is confusingly similar to a Philip Morris USA Trademark, on any written or promotional materials or in the metatags of any Internet website; and/or

(vii) processing or facilitating payment for, supplying, fulfilling orders for, drop shipping, shipping, carrying, importing or otherwise facilitating the shipment and/or importation into the United States of Philip Morris cigarettes for any other website, customer, or affiliate, or any member of any "affiliate program."

IT IS FURTHER ORDERED that:

Within twenty (20) days of entry of this Judgment, Defendants shall provide Philip Morris USA Inc. with the following information: (i) the identity of all persons or entities that are supplying or have supplied Defendants with cigarettes; and (ii) the quantity or volume of cigarettes supplied to Defendants by each identified supplier. Such identification shall include, if known, the name, last known physical address, telephone numbers, facsimile numbers, e-mail addresses and URL or website address for each such person or entity. For business entities, the names of all known officers, directors and other employees, as well as the name, physical address and telephone number of the registered agent shall also be provided.

Within twenty (20) days of entry of this Judgment, Defendants shall post on the Infringing Websites, and any other website operated by or on behalf of Defendants, a notice that informs customers that Defendants do not sell Philip Morris cigarettes to customers residing in the United States. In addition, within twenty (20) days of the entry of this Judgment, Defendants shall put into operation procedures to ensure that Defendants do not process orders for (including without limitation requesting and/or receiving credit or debit card numbers from residents of the United States) and/or ship Philip Morris cigarettes to customers residing in the United States.

Dated: New York, New York  
       August ___, 2008

SO ORDERED:

_____  
THE HONORABLE DENNY CHIN  
UNITED STATES DISTRICT JUDGE